# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA ISABEL SHINE,<br>Plaintiff, | : | NO. 4:24-CV-02039 |
| | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Rosa Shine's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will vacate the decision of the Commissioner and remand to the Commissioner for further proceedings.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    <u>BACKGROUND</u>

### A.    **Procedural History**

On July 16, 2021, Shine applied for disability benefits under Title II of the Social Security Act, alleging disability as of June 29, 2021. Transcript, doc. 12-3 at 10. Following an initial denial, Shine submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 12-4 at 37. The ALJ conducted the hearing and determined that Shine is not disabled. Doc. 12-2 at 31, 44.

Shine filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Shine's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 15, 17, 18) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 9.

## B.     The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work."
§ 404.1520(f). At the fifth step, the Commissioner bears the burden to
demonstrate that the claimant's RFC and his "age, education, and work
experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If
the Commissioner cannot satisfy this burden, the claimant's claim is
granted. *See* § 404.1520(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Shine "has not been under a
disability, . . . from June 29, 2021, through the date of this decision." Doc.
12-2 at 31.  The ALJ reached this conclusion after proceeding through the
five-step sequential analysis required by the Social Security Act.
§ 404.1520(a)(4)(i)–(v); *see* Doc. 12-2 at 20-31.

At step one, the ALJ determined that Shine "has not engaged in
substantial gainful activity since June 29, 2021, the alleged onset date."
Doc. 12-2 at 20. At step two, the ALJ found that Shine has the following
severe impairments: diabetes, polyneuropathy, and degenerative disc
disease. *Id.* at 21. At step three, the ALJ determined that Shine "does not
have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in" 20

C.F.R. part 404, subpart P, appendix 1. *Id.* at 23.

Between steps three and four, the ALJ found that Shine has the

following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b)
> except she can occasionally perform pushing and/or pulling
> motions with the right upper extremity, such as operating
> levers and hand controls. She can occasionally reach overhead
> and frequently reach in other directions with right upper
> extremity. She can occasionally balance, stoop, kneel, crouch,
> use ramps and climb stairs. She can perform jobs that do not
> require crawling or climbing ladders, ropes or scaffolding. She
> can tolerate occasional exposure to vibration. She can perform
> jobs that do not require exposure to workplace hazards, such
> as unprotected heights and dangerous, moving machinery.

*Id.* at 25.

At step four, the ALJ determined that Shine is not under a

disability because she "is capable of performing past relevant work as a

mail room clerk." *Id.* at 30.

### D.   Issues on Appeal

Shine raises two issues on appeal:

1.   The ALJ's decision is not supported by substantial evidence
     based on a flawed analysis of the Plaintiff's mental health
     conditions at step two.

2.   The decision does not contain an adequate evaluation of the
     medical opinion evidence pursuant to 20 C.F.R. § 404.1520c,

resulting in an RFC that is not supported by substantial evidence.

Pl.'s Br., doc. 15 at 17.

## II.   __LEGAL STANDARD__

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ

ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Shine is disabled, but whether the Commissioner's finding that Shine is not disabled is supported by substantial evidence and was reached based

upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at \*1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   <u>DISCUSSION</u>

Shine argues that the ALJ erred at step two in finding her mental impairments not severe, and at the RFC stage by not adequately evaluating the medical opinion evidence. Doc. 15 at 17.

The ALJ did not err at step two because the ALJ provided a reasonable explanation for finding Shine's mental impairments to be non-severe and causing no more than a mild limitation. *See* 12-2 at 23. But the ALJ erred at the RFC stage when he failed to mention, let alone articulate his analysis of, Shine's mental impairments. *See id.* at 29 (discussing Dr. Minora's medical opinion). Because the ALJ failed to include any discussion of Shine's mental health impairments at the RFC stage, the Court will vacate the decision and remand the case to the Commissioner.

### A.    Substantial evidence supports the ALJ's step two determination.

The step-two inquiry is a *de minimis* screening device to dispose of groundless claims. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). At step two, the claimant has the burden to show that impairments qualify as severe. *Bowen*, 482 U.S. at 146. To meet that burden, a claimant must present more than her own testimony and medical diagnoses, and present evidence that claimed conditions significantly limited the ability to do basic work activities or impaired capacity to cope with the mental demands of working. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007), citing 20 C.F.R.

§ 404.1520(c). However, a step two error is not a valid basis for remand when an ALJ concludes in favor of a claimant and progresses to a later step. *Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020).

Here, the ALJ did not err at step two in finding Shine's mental impairments not severe. The ALJ explained in detail that Shine had no formal mental health treatment, had normal mental status exam findings in the record, and had normal activities of daily living. *See* doc. 12-2 at 21-22. That explanation, with detailed citations to mental status exam findings (*see id.* at 22), sufficed to support the ALJ's finding that Shine suffered no more than mild limitations, and thus her mental impairments were non-severe. *Id.* at 23; *Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 282 (M.D. Pa. 2022) ("Where an ALJ has clearly articulated the evidence supporting his decision, it is not our province to substitute our own judgment as to the severity of the plaintiff's impairments."). Because Shine failed to present sufficient evidence to establish, and the ALJ did not find, that the mental impairments caused limitations that significantly limited her ability to do basic work, the ALJ's step two

determination is supported by substantial evidence. *See Salles*, 229 F.

App'x at 145.[2]

**B.    Substantial evidence does not support the ALJ's RFC determination.**

When assessing a claimant's RFC, the ALJ must consider all of the

claimant's medically determinable impairments, including any non-

severe impairments identified by the ALJ at step two. 20 C.F.R.

§ 404.1545(a)(2). At the RFC stage, an ALJ may not simply disregard

impairments by relying on his step two determination finding them to be

non-severe. *Kich v. Colvin*, 218 F. Supp. 3d 342, 355 (M.D. Pa. 2016); *see*

*also Gunn v. Kijakazi*, 705 F. Supp. 3d 315, 331 (E.D. Pa. 2023) (collecting

authorities and finding that even mild limitations in the relevant

domains of mental functioning must be included in an RFC assessment).

Here, the ALJ failed to support his RFC assessment with

substantial evidence. First, the ALJ does not discuss Shine's mental

impairments or any resulting functional limitations. *See* doc. 12-2 at 25-

30. Other than noting Shine's allegation of anxiety and depression (*id.* at

---

[2] Even assuming *arguendo* that the ALJ erred in finding Shine's mental impairments as non-severe, such error was harmless because the ALJ found several other severe impairments and progressed to later steps in the five-step analysis. Doc. 12-2 at 21, 25; *Orr*, 805 F. App'x at 88.

25), the ALJ references mental impairments only once to conclude that the ALJ considered "the record as a whole, including the . . . mental examinations." *Id.* at 29. Such a conclusory statement is insufficient to demonstrate that the ALJ considered all significant evidence. *Carter v. Apfel*, 220 F. Supp. 2d 393, 397 (M.D. Pa. 2000). The ALJ "essentially eliminated mental health related limitations without explanation—he does not explain why mental health related limitations drop out of the RFC completely," when he previously discussed office visits and opinions related to the mental impairments at step two. *Kich*, 218 F. Supp. 3d at 357.

Second, the ALJ erred in evaluating the medical opinion evidence because the ALJ failed to include any discussion of the examiners' assessment of Shine's mental impairments. *See* doc. 12-2 at 28 (Dr. Tedesco), 29 (Dr. Minora). Shine correctly points out that the treating physician and state consultative examiners opined as to Shine's mental impairments, which the ALJ did not mention. Docs. 15 at 18; 12-3 at 12-13, 19; 12-7 at 552-553. Because the ALJ failed to discuss any mental health impairments or their functional limitations or articulate the reasoning for excluding them in the RFC assessment, the Court cannot

conclude that the absence of mental health related limitations in the RFC is supported by substantial evidence. *Kich*, 218 F. Supp. 3d at 358. The case, therefore, must be remanded for further consideration. *See id.* at 359 (remanding because the ALJ found mild limitations from mental impairments at step two but excluded any related limitations in the RFC and did not discuss probative evidence supporting medical source opinions regarding limitations).

## IV.    CONCLUSION

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: March 30, 2026                    s/*Sean A. Camoni*
                                        Sean A. Camoni
                                        United States Magistrate Judge